

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

DIMITRI PATTERSON,
    Plaintiff,

vs.

United States of America,
    Defendant,

Case No:

6:19-cv-1532-ORL-41-LRH

28 U.S.C. 1346(b)

**VERIFIED COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. This Action involves the Plaintiff, a private citizen of the United States of America being accosted by several Officers from the United States Marshals Service (U.S. Marshals), while on vacation at the Waldorf Astoria Hotel in Orlando, FL, without any certified legal documentation pursuant to Florida and Federal law. This Action also details the stalking and harassment of the Plaintiff's immediate family members by U.S. Marshals.

## JURISDICTION

2. This Court has Jurisdiction under 28 U.S.C. § 1331. This Court also has jurisdiction pursuant to the Federal Tort Claims Act 28 U. S. C. § 1346(b).

## VENUE

3. Venue is proper, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1391, because the events giving rise to this complaint occurred in this district.

## PARTIES

4. Dimitri Patterson is a private U.S. citizen who has clearly established constitutional protected rights guaranteed to him by the Florida and United States Constitution.

5. United States of America.

## STATEMENT OF FACTS

6. Between April 30, 2018 and May 7, 2018, several U.S. Marshals and undercover Officers from the Orlando-Orange County Sherriff's Office harass and stalk DP's brother by following him to and from his place of employment (Florida Hospital).

7. On April 30, 2018, between 9:15 and 9:30 A.M., several U.S. Marshals and undercover Officers from the Orlando-Orange County Sheriff's Office arrive at Bank of America located at 10201 W. Colonial Dr., Ocoee, FL 34761, to harass and stalk DP's family members.

8. On April 30, 2018, each in unmarked vehicles, several U.S. Marshals and five-to-six undercover Officers from the Orlando-Orange County Sheriff's Office, follow DP's family members from Bank of America in Ocoee, FL onto the 408 East/West Expressway, and then proceeded to pull DP's brother over at Exit 10A on the 408 East/West Expressway heading east.

9.   On April 30, 2018, an undercover Officer from the Orlando-Orange County Sheriff's Office approached DP's brother's vehicle and states, "Where is Dimitri'? The Plaintiff's brother responds by asking the Officer why was he being pulled over and if he was under arrest. The Officer responds stating, "We're conducting an investigation, and we need to ask you a couple of questions about Dimitri". The Plaintiff's brother responds stating that he wasn't telling the undercover Officer anything about the Plaintiff, and if they weren't arresting him, he should be allowed to leave. The undercover Officer then responds stating, "Do you know it's a crime aiding and abetting a fugitive?"

10.   On April 30, 2018, DP places a 911 call to the Orlando-Orange County Police Department to report the illegal harassment of his brother by rogue undercover Police Officers and U.S. Marshals.

11.   Five minutes after the 911 call was placed by the Plaintiff on April 30, 2018, an undercover Officer communicated to the Plaintiff's brother that he was free to leave, and the rogue U.S. Marshals and undercover Police Officers left the scene.

12.   On May 3, 2018, the Plaintiff and his girlfriend, Kathy Thabet, checked into the Waldorf Astoria Hotel.

13.   On May 7, 2018, the Plaintiff is kidnapped from the Waldorf Astoria Hotel's pool bathroom, located at 14200 Bonnet Creek Resort Ln, Orlando, FL 32821, by two non-uniformed U. S. Marshals and eight non-uniformed Orlando-Orange County Police Officers. The rogue non-uniformed U.S. Marshals and non-uniformed Police Officers never presented a valid warrant or adhered to the Uniform Criminal Extradition Act. **[Video footage is available]**

14.    On May 7, 2018, after physically accosting the Plaintiff in a pool bathroom, and then kidnapped from the Waldorf Astoria Hotel, the non-uniformed U.S. Marshals and the non-uniformed Orlando-Orange County Police Officers proceeded to take the Plaintiff to a security video room inside the hotel where there were other Waldorf Astoria employees.

15.    On May 7, 2018, while the Plaintiff was being attacked in the pool bathroom, Matt Reabeau proceeded to shut the entrance off from the pool bathroom to prevent Ms. Thabet from entering after he was repeatedly being notified that an illegal arrest was taking place in the pool bathroom.

16.    Matt Rebeau, an employee of the Waldorf Astoria who diligently and zealously assisted the non-uniformed rogue U.S. Marshals and non-uniformed Orlando-Orange County Sheriff's Police Officers without proof of a valid warrant states, "Not in here. We have to take him out back". The non-uniformed Marshals and non-uniformed Police Officers proceeded to hold the Plaintiff hostage outside in the parking lot behind the hotel, while handcuffed on the ground between two parked unmarked vehicles.

17.    On May 7, 2018, when confronted by Kathy Thabet about the kidnapping of the Plaintiff, Christopher Kost, Manager at the Waldorf Astoria stated that he knew nothing about the incident and had no documentation from the non-uniformed rogue U.S. Marshals, or, the non-uniformed rogue Orlando-Orange County Police Officers.

18.    On May 7, 2018, the Plaintiff, while handcuffed, repeatedly asked to see a valid warrant and badge identification numbers from the non-uniformed U.S. Marshals and non-uniformed Police Officers. The required legal documentation was never presented.

19.    On May 7, 2018, an Orlando-Orange County Sheriff's Department vehicle appears with one Police Officer in the driver's seat. The non-uniformed U.S. Marshals and non-uniformed Police Officers proceeded to escort the Plaintiff to the Officer's vehicle.

20.    On May 7, 2018, the Orlando-Orange County Police Officer transports the Plaintiff to the Orlando-Orange County Jail, and proceeded to book the Plaintiff without presenting a valid warrant to the Plaintiff.

**STATE OF FLORIDA MEMORANDUM OF LAW**

### FLORIDA RULES OF CRIMINAL PROCEDURE
### Rule 3.121 F.R.C.P. Arrest Warrant

Issuance. An arrest warrant, when issued, shall:

21.    Be in writing and in the name of the State of Florida;

22.    Be in writing and in the name of the State of Florida;

23.    Set forth substantially the nature of the offense;

24.    Command that the person against whom the complaint was made be arrested and brought before a judge;

25.    Specify the name of the person to be arrested or, if the name is unknown to the judge, designate the person by any name or description by which the person can be identified with reasonable certainty, and include a photograph if reasonably available;

26.    State the date when issued and the county where issued;

27.    Be signed by the judge with the title of the office; or, may be electronically signed by the judge if the arrest warrant bears the affiant's signature, or electronic signature, is supported by an oath or affirmation administered by the judge, or other person authorized by law to administer

oaths, and, if submitted electronically, is submitted by reliable electronic means; and for offenses where a right to bail exists, set the amount of bail or other conditions of release, and the return date.

## RULE 3.131 F.R.C.P. ALIAS CAPIAS
### Issuance of Capias; Bail Specified

28. On the filing of either an indictment or information charging the commission of a crime, if the person named therein is not in custody or at large on bail for the offense charged, the judge shall issue or shall direct the clerk to issue, either immediately or when so directed by the prosecuting attorney, a capias for the arrest of the person.

29. If the person named in the indictment or information is a child and the child has been served with a promise to appear under the Florida Rules of Juvenile Procedure, capias need not be issued.

30. **Upon the filing of the indictment or information, the judge shall endorse the amount of bail**, if any, and may authorize the setting or modification of bail by the judge presiding over the defendant's first appearance hearing.

31. **This endorsement shall be made on the capias and signed by the judge.** noncomplying documents shall be resubmitted in accordance with this rule.

## FLORIDA STATUTE 28.222

32. The clerk of the circuit court shall be the recorder of all instruments that he or she may be required or authorized by law to record in the county where he or she is clerk.

33. The clerk of the circuit court shall record all instruments in one general series called "Official Records." He or she shall keep a register in which he or she shall enter at the time of filing the filing number of each instrument filed for record, the date and hour of filing, the kind of instrument, and the names of the parties to the instrument. The clerk

shall maintain a general alphabetical index, direct and inverse, of all instruments filed for record. The register of Official Records must be available at each office where official records may be filed.

34. Florida Statute 901.02 states, "A judge, upon examination of the complaint and proofs submitted, if satisfied that probable cause exists for the issuance of an arrest warrant for any crime committed within the judge's jurisdiction, shall thereupon issue an arrest warrant signed by the judge with the judge's name of office."

## FILING OF FORMAL CHARGE

35. The State Attorney took no action on Cases #F-15-15779 (where there was never an official arraignment), B-15-034548, and F-17-016392, in addition, the Statute of Limitations expired. Florida Jurisprudence 2d 1151 states that: The State may file a charging document at any time within the applicable speedy trial period (60 days). Taking no action after the defendant is arrested and waiting until after the speedy trial period has expired to file formal charges results in the State abandoning the prosecution and the recapture provisions of the rule do not apply, with the result that the defendant must be discharged (FL Jur. 2d 1151).

### COUNT I
### Federal Tort Claims Act
### United States of America

36. This Claim is brought against the United States of America, who is being sued as a person pursuant to 28 U.S.C. 1343.

37. The Plaintiff is bringing this Claim for money damages.

38. The Plaintiff brings this Claim for mental suffering, anguish, emotional distress, and injury to his wellbeing and reputation.

39. The U.S. Marshals, who are employees of the Federal Government, were negligent in verifying that a certified warrant existed pursuant to Florida and Federal law, and knew, or, should have known that accosting the Plaintiff in absence of required certified legal documentation, would cause severe injury to his person, and would violate the Fourth, Fifth, and Fourteenth Amendments, guaranteed to the Plaintiff by the United States Constitution.

40. The U.S. Marshals were negligent with reckless disregard in stalking and harassing the Plaintiff's immediate family members, absent probable cause.

41. While acting within the scope of their employment, the U.S. Marshals committed the acts above.

42. If the United States were a private person in the State of Florida, they would be liable for the acts of assault, battery, kidnapping, stalking, harassment, negligence, and intentional affliction of emotional distress.

43. On August 24, 2018, the Plaintiff notified the U.S. Department of Justice Torts Division of the acts committed above.

## RELIEF

WHEREFORE, the Plaintiff, Dimitri Patterson, respectfully demands that this court:

1. Enter a judgment in favor of the Plaintiff in the amount of one hundred million (100,000,000.00) dollars pursuant to 28 U.S.C. § 1346(b).

Dimitri Patterson
16877 East Colonial Drive
Unit 403
Orlando, FL 32820
prolificdezigns@gmail.com
407-777-2269

## Verification

Pursuant to 28 U.S.C. § 1746 I, Dimitri Patterson, declare as follows:

1.  I am a Plaintiff in the following case and a citizen in the United States of America and a resident of Florida.

2.  I have personal knowledge of the factual statements set forth in the foregoing *Verified Complaint for Damages,* and if called on to testify I would competently testify as to the matters stated herein.

3.  I verify under penalty and perjury under the laws of the United States of America that the factual statements in this *Verified Complaint* concerning myself and the actions of the United States of America are correct.

Executed on August 18, 2019

Dimitri Patterson